**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
DR. DAVID SIMAI,
on behalf of Plaintiff and the class defined herein,

                    Plaintiff,

      v.

DOCSBACKOFFICE.COM, INC.
and JOHN DOES 1-10,

                    Defendants.
------------------------------------------------------------------

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Dr. David Simai brings this action to secure redress for the actions of Defendants Docsbackoffice.com, Inc. and John Does 1-10, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and New York General Business Law §396-aa..

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3.      Plaintiff Dr. David Simai has offices in the Eastern District of New York, where he maintains telephone facsimile equipment that automatically prints incoming faxes onto paper using toner / ink.

4.      Defendant Docsbackoffice.com, Inc. is a Delaware corporation with a principal

1

place of business at 355 Post Avenue, Suite 103, Westbury, New York 113590.  Its  Registered

Agent is Corporation Service Company, 251 Little Falls Dr., Wilmington. Delaware 19808.

5.      John Does 1-10 are other natural or artificial persons that were involved in the

sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §1331.    *Mims v. Arrow Financial*

*Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7.      Personal jurisdiction exists in that Defendants:

a.      Have committed tortious acts in New York by causing the transmission of

unlawful communications into the state.

b.      Are located in and transacted business in New York.

8.       Venue in this District is proper for the same reason.

## FACTS

9.      On June 4, 2020,  Dr. David Simai received the unsolicited fax advertisement

attached as Exhibit A on his facsimile machine

10.     Plaintiff is a doctor who has offices in the Eastern District of New York where he

sees and treats patients on a regular basis.

11.     Plaintiff, a doctor with a medical practice, would be the target of an unsolicited fax

advertising revenue management services to medical practitioners.

12.     Discovery may reveal the transmission of additional faxes to Plaintiff.

13.     The faxes identify the sender as Charles N. Friedlander, Chief Medical Officer of

Docsbackoffice.com and promote the use of its revenue management services.

14.     The phone number and address on the fax are also used by Docsbackoffice.com

15.     Defendants either negligently or wilfully violated the rights of Plaintiff and other

recipients in sending the faxes.

2

16.     Plaintiff had no prior relationship with Defendants and had not authorized the sending of fax advertisements to Plaintiff.

17.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

18.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.     On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in New York.

20.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

21.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

## COUNT I – TCPA

22.     Plaintiff incorporates ¶¶ 1-21.

23.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(c).

24.     The TCPA,  47 U.S.C. §227(b)(3), provides:

3

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of time, paper and ink or toner consumed as a result.  Furthermore, Plaintiff's statutory right of privacy was invaded.

26.     Plaintiff and each class member is entitled to statutory damages.

27.     Defendants violated the TCPA even if their actions were only negligent.

28.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Defendant Docsbackoffice.com, Inc., advertising or promoting its goods or services for sale, (d) where Defendants do not have evidence of consent or an established business relationship prior to the sending of the faxes.

30.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief, based on the generic nature of the fax, that there are more than 40 members of the class.

31.     There are questions of law and fact common to the class that predominate over

4

any questions affecting only individual class members.  The predominant common questions include:

        a.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.      The manner in which Defendants compiled or obtained the list of fax numbers;

        c.      Whether Defendants thereby violated the TCPA.

32.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

34.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

35.     Numerous courts have certified class actions under the TCPA.  *Holtzman v. Turza,* 08cv2014, 2009 WL 3334909,  2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred*

*Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communications, Inc.,* 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* 4:12cv221, 2013 WL 275568, 2013 U.S. Dist. LEXIS 9554 (E.D.Mo. Feb. 24, 2013).

36.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a.     Actual damages;

      b.     Statutory damages;

      c.     An injunction against the further transmission of unsolicited fax advertising;

      d.     Costs of suit;

      e.     Such other or further relief as the Court deems just and proper.

## COUNT II – NEW YORK GENERAL BUSINESS LAW § 396-aa

37.     Plaintiff incorporates ¶¶ 1-21.

38.     Defendants violated New York General Business Law § 396-aa, by sending

unsolicited fax advertising to Plaintiff and others.

39.     New York General Business Law § 396-aa provides:

1.     It shall be unlawful for a person, corporation, partnership or association to initiate the unsolicited transmission of telefacsimile messages promoting goods or services for purchase by the recipient of such messages. For purposes of this section, "telefacsimile" shall mean every process in which electronic signals are transmitted by telephone lines for conversion into written text. This section shall not apply to telefacsimile messages sent to a recipient with whom the initiator has had a prior contractual or business relationship. Notwithstanding the above, it shall be unlawful to initiate any telefacsimile message to a recipient who has previously clearly indicated to the initiator by any verbal, written or electronic means that the recipient does not want to receive telefacsimile messages from the initiator.

2.     Every unsolicited telefacsimile message sent to a recipient shall contain a notice that informs the recipient of the ability, granted by subdivision one of this section, to prevent the transmission of future unsolicited telefacsimile messages. Such notice shall be clear and conspicuous and on the first page of the telefacsimile message and include a domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the initiator.

If neither the required telephone number or facsimile machine number is a toll-free number, a separate cost-free mechanism including a website address or email address, for a recipient to transmit a request pursuant to such notice to the sender of the message shall also be provided. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number. The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make a request to prevent the transmission of future unsolicited advertisements twenty-four hours a day, seven days a week.

3.     Any person who has received a telefacsimile transmission in violation of this section may bring an action in his own name to recover his actual damages or one hundred dollars, whichever is greater.

40.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

## CLASS ALLEGATIONS

41.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with New York fax numbers (b) who, on or after a date three years prior to the filing of this action, (CPLR §214) (c) were sent faxes by or on behalf of

Defendant Docsbackoffice.com, Inc., promoting its goods or services for sale (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

42.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

      b.     Whether Defendants thereby violated New York General Business Law §396-aa.

44.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

46.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

47.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a.       Statutory damages of $100 per fax;

    b.       Costs of suit;

    c.       Such other or further relief as the Court deems just and proper.


*/s/ Tiffany N. Hardy*
Tiffany N. Hardy

Tiffany N. Hardy
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Adam J. Fishbein
**ADAM J. FISHBEIN, P.C.**
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945
fishbeinadamj@gmail.com

9

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Tiffany N. Hardy</u>
Tiffany N. Hardy


Tiffany N. Hardy
**EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## EXHIBIT A


the solution people℠

June 4, 2020

Dear Doctor:

I hope this letter finds you, your family and staff healthy during this very difficult time. Like most physician practices, you may be experiencing a loss in revenue, patient visits and perhaps staffing. I want to introduce you to our company and our services as a short or long-term solution to assist your practice in navigating through this crisis.

We have positioned our company to stay open and running remotely at full capacity for our clients. This may be a long road to recovery so we are offering our services in an as needed basis with no long-term contract. Our hope is that this is a quick recovery, but as an extension of your practice, we will assist your practice in recovery and growth by keeping your costs low and increasing your revenue.

*Docsbackoffice* Revenue Management Services focus on increasing the rate of collections in your medical practice. *Docsbackoffice* becomes an extension of your office freeing up your staff to handle their other responsibilities. *Docsbackoffice* will call insurance companies on every open claim to get it paid; enter patient demographics and insurance information; enter claim information based on your encounters; submit and scrub claims through the clearinghouse; post payments and correct denied claims. You keep your current EMR and PMS and more importantly, you keep full control of your billing and receivables.

On average, 20% of insurance claims go unchecked or denied and therefore unpaid. Your staff does not have the time or resources to manage these intense processes. Many practices like yours recognize the benefits of having a professional dedicated revenue management team working to solve these issues and collecting as much as 10 to 15% of monies not currently collected.

This is a difficult time for small businesses and private physician practices are no exception. We are here to help; can you afford not to call us? Call us at 516.488.0733 or email us at TimH@docsbackoffice.com.

Sincerely,

*Charles N Friedlander*

Charles N Friedlander, MD
Chief Medical Officer

**355 Post Avenue, Suite 103 | Westbury, NY 11590  | 516.448.0733**
**www.docsbackoffice.com**

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 17363, or call 833-394-6887 or fax to 631-229-9727.  The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.